## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGELA LOWE,

        Plaintiff.

        v.

WAL-MART STORES EAST, L.P.,

        Defendant.

No. 4:25-CV-01806

(Chief Judge Brann)

### MEMORANDUM OPINION & ORDER

### JANUARY 30, 2026

Angela Lowe ("Plaintiff") filed a one-count complaint against Wal-Mart Stores East, L.P. ("Defendant") in the Lycoming County, Pennsylvania, Court of Common Pleas, suing Defendant for negligence.[1] Defendant removed the case to the United States District Court for the Middle District of Pennsylvania based on diversity jurisdiction.[2] Now, Defendant brings the instant motion for a more definite statement.[3]

The action arises out of Plaintiff's slip-and-fall incident at Wal-Mart stores. Plaintiff alleges that, while shopping, she "stepped into an accumulation of a creamy, slimy, slippery, whitish/speckled substance on the floor" that was not readily visible to Plaintiff, causing her to fall.[4] As to Plaintiff's injuries, Plaintiff pleads that the

---

[1] Doc 1-1 (Compl.).
[2] Doc. 1 (Notice of Removal).
[3] Doc. 2 (Mot.).
[4] Doc. 1-1 ¶¶ 4-6.

substance "caus[ed] her to fall forcefully to the floor striking her head on a nearby shelf seriously injuring her head, neck, back and upper extremities," and that she "suffered serious injuries."

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[5] "The prevailing standard employed by Third Circuit courts is to grant a Rule 12(e) motion 'when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'"[6]

"[C]ourts have held that the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small—the pleading must be sufficiently unintelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed."[7] "'The basis for granting such a motion is unintelligibility, not lack of detail. As long as the defendant is able to respond, even if only with a simple denial, in good faith, without prejudice, the

---

5   FED. R. CIV. P. 12(e).
6   *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 736-37 (D.N.J. 2008) (quoting *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232-33 (D.N.J. 2003)).
7   *Toc v. Wal-Mart Stores E., L.P.*, No. 3:25-CV-292, 2025 WL 3657210, at *7 (M.D. Pa. Dec. 17, 2025) (internal quotation omitted); *Sun Co., Inc v. Badger Design & Constructors*, 939 F.Supp. 365, 374 (E.D. Pa. 1996).

complaint is deemed sufficient for purposes of Rule 12(e).'"[8] "Because Federal Rule

of Civil Procedure 8 requires only a short and plain statement of the claim, motions

for a more definite statement are 'highly disfavored.'"[9]

Under this standard, Plaintiff is not required to replead for a more definite

statement. Plaintiff pled that the slip and fall "caus[ed] her to fall forcefully to the

floor striking her head on a nearby shelf seriously injuring her head, neck, back and

upper extremities."[10] It is manifestly evident, to the Court at least, what legal theory

Plaintiff is pursuing and the category of injuries Plaintiff claims to have. The

allegations of negligence "are not so vague, ambiguous, or unintelligible that

Defendan[t] cannot frame a responsive pleading."[11]

---

[8]   *Sun Co.*, 939 F. Supp. at 374 (quoting *Wood & Locker, Inc. v. Doran & Assocs.*, 708 F. Supp. 684, 691 (W.D. Pa. 1989)).

[9]   *Country Classics at Morgan Hill Homeowners' Ass'n, Inc. v. Country Classics at Morgan Hill, LLC*, 780 F. Supp. 2d 367, 371 (E.D. Pa. 2011).

[10]  1-1 ¶ 5.

[11]  *Sun Co.*, 939 F. Supp. at 375. And, to the extent that Defendant's motion is better framed as a motion to dismiss based on failure to allege sufficient damages, Doc. 4 (Br. in Supp.) at 4 ("Plaintiff has failed to plead a crucial element of a negligence claim: the actual damages which occurred."), such a motion would be denied as well. Plaintiff has pled more than bare conclusory allegations that she was injured, stating that she "f[e]ll forcefully to the floor striking her head on a nearby shelf seriously injuring her head, neck, back and upper extremities . . . which have caused her great pain, impairment, and suffering, both physical and emotional." Doc. 1-1 at ¶¶ 5, 13. This is more than a bare conclusion that she was injured or that she suffered harm, and provides sufficient grounds to proceed to discovery as it "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Falcone v. Dickstein*, 92 F.4th 193, 203 (3d Cir. 2024) ("In the context of a motion to dismiss, the '[i]njury-in-fact element is not Mount Everest,' and [Plaintiff] need only allege 'some specific, identifiable trifle of injury.'") (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014)). While Plaintiff's injuries are not very detailed, they are sufficient to allege that an injury occurred to those types of the body and, as Plaintiff also described the cause, the general type of injury is evident.

3

Therefore, Defendant's motion for more definite statement, Doc. 2, is

**DENIED**.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge